IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM KNOTTS, # 169693, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:15cv378-WKW |
| | )                  (WO) |
| JEFFERSON S. DUNN, | ) |
| | ) |
| Respondent. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the court on a petition for writ of habeas corpus by a person in state custody, *see* 28 U.S.C. § 2254, filed on May 29, 2015, through counsel, by petitioner William Knotts ("Knotts").  Doc. No. 1.  Knotts, an Alabama prisoner, challenges the sentence of life imprisonment without the possibility of parole entered against him in April 2005 as a result of his conviction in the Circuit Court of Montgomery County for the offense of capital murder.[1]  He argues that his life sentence without the possibility of parole violates the Eighth

---

[1] A jury convicted Knotts of this crime in July 1992, which was a capital offense because it was committed in the course of a burglary and a robbery.  On October 10, 1992, the trial court sentenced Knotts to death.  Knotts's conviction and death sentence were upheld on direct review and in state post-conviction proceedings.  On April 27, 2001, Knotts filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction and death sentence.  *Knotts v. Haley, et al.*, Civil Action No. 2:01cv518-WHA, Doc. No. 1.  During the pendency of proceedings on the habeas petition (which had been stayed by this court), the United States Supreme Court issued its decision in *Roper v. Simmons*, 543 U.S. 551 (2005), which holds that under the Eighth and Fourteenth Amendments the death penalty may not be imposed on offenders who were under the age of 18 at the time they committed their crimes.  In light of *Roper*, and because Knotts was under 18 when he committed his crime, this court entered an
(continued...)

Amendment in light of the United States Supreme Court's holding in *Miller v. Alabama*, ___ U.S. ___, 132 S.Ct. 2455, 2469 (2012) (holding that mandatory imposition of life imprisonment without the possibility of parole for juvenile offenders sentenced as adults violates the Eighth Amendment).[2]

## II.  DISCUSSION

Knotts has filed a previous petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction and sentence. *See Knotts v. Haley, et al.*, Civil Action No. 2:01cv518-WHA, Doc. No. 1.  This court denied that habeas petition in a Memorandum Opinion and Order and Final Judgment entered on October 28, 2005. *Id.*, Doc. Nos. 151 & 152.

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the

---

[1](...continued)
order on March 21, 2005, giving the State of Alabama 30 days to impose upon Knotts a sentence of life imprisonment without the possibility of parole, or to release Knotts from custody. *See* Civil Action No. 2:01cv518-WHA, Doc. No. 145. This court indicated that its order was without prejudice as to any pending guilt-phase claims properly raised by Knotts in his habeas petition, which the court stated would be decided in due course. *Id*. at 2. On April 15, 2005, the trial court re-sentenced Knotts to life without the possibility of parole. *Id*., Doc. No. 150, App'x. On October 28, 2005, this court entered a Memorandum Opinion and Order and Final Judgment denying all of Knotts's remaining habeas claims on the merits. *Id*., Doc. Nos. 151 & 152. (Knotts's procedurally barred claims had been denied in an earlier order by the court. *See id.*, Doc.. Nos. 23 & 31.)

[2] On March 23, 2015, the United States Supreme Court granted a petition for writ of certiorari in *Montgomery v. Louisiana*, No. 14–280, which presents the question of whether *Miller* should be applied retroactively. *See State v. Montgomery* (La. 2014) 141 So.3d 264, cert. granted Mar. 30, 2015, sub nom. *Montgomery v. Louisiana* (2015) ___ U.S. ___, 135 S.Ct. 1546.

appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[3]  28 U.S.C.

---

[3] Section 2244(b)(1) provides:

A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

Section 2244(b)(2) provides:

A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

>   (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

>   (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

>   (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

§ 2244(b)(3)(B) & (C).

It is clear from the record that Knotts has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider his successive application for federal habeas relief.  *See* Doc. No. 2 at 1-2.  "Because this undertaking [is a successive] habeas corpus petition and because [Knotts] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief."  *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001).  Consequently, the instant petition for writ of habeas corpus should be denied and this case summarily dismissed.[4]  *Id*. at 934.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1. The petition for writ of habeas corpus filed by Knotts be DENIED.

2. This cause of action be DISMISSED under 28 U.S.C. § 2244(b)(3)(A) as Knotts has not obtained the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive habeas application.

It is further

---

[4] The pendency of *Montgomery v. Louisiana*, *supra*, does not confer jurisdiction upon this court to entertain Knotts's successive petition.  However, dismissal of the present petition does not preclude Knotts from seeking leave from the Eleventh Circuit to file a new, successive petition "after the Supreme Court decides *Montgomery*."  *In re Knotts*, 15-12380-E (11th Cir. Jun. 25, 2015).

ORDERED that **on or before August 13, 2015**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised this Recommendation is not a final order; therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 30th day of July, 2015.

                /s/Charles S. Coody
                CHARLES S. COODY
                UNITED STATES MAGISTRATE JUDGE