IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM KNOTTS, #169693, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) CASE NO. 2:15-CV-378-WKW ) [WO] ) |
| JEFFERSON S. DUNN, | ) ) |
| Respondent. | ) |

## **ORDER**

On July 30, 2015, the Magistrate Judge filed a Recommendation (Doc. # 8), to which Petitioner Willie Gardner has filed a timely Objection (Doc. # 9). Upon an independent and *de novo* review of those portions of the Recommendation to which objection is made, the Objection is due to be overruled, the Recommendation is due to be adopted, and Mr. Knotts's petition for writ of habeas corpus is due to be dismissed.

Mr. Knotts filed the present habeas petition to challenge the sentence of life without the possibility of parole he received for a crime he committed when he was a juvenile. He argues that his sentence should be vacated in light of *Miller v. Alabama*, 132 S. Ct. 2455, 2469 (2012), in which the Supreme Court held that imposition of mandatory life sentences without the possibility of parole for juvenile offenders sentenced as adults violates the Eighth Amendment. The

Magistrate Judge did not reach the merits of Mr. Knotts's challenge because he determined that Mr. Knotts had failed to obtain the requisite order from the Eleventh Circuit authorizing the district court to consider a successive habeas petition, leaving the court without jurisdiction.

Mr. Knotts objects to the Recommendation of the Magistrate Judge. In his Objection, Mr. Knotts does not argue that his present petition is not successive for purposes of triggering the requirements of 28 U.S.C. § 2244(b)(3)(A). Nor does he contend that he has received the requisite authorization from the Eleventh Circuit. Rather, Mr. Knotts argues that this action should be stayed pending the Supreme Court's determination in *Montgomery v. Louisiana*, 135 S. Ct. 1546 (2015), on grounds that *Montgomery* will determine whether the holding in *Miller* should be applied retroactively.

While this court acknowledges the import of the forthcoming decision in *Montgomery*, its pendency does not confer jurisdiction upon this court to entertain Mr. Knotts's petition. As the Supreme Court has explained, failing to adhere to § 2244(b)(3)'s "gatekeeping provisions" deprives district courts of jurisdiction to entertain habeas petitions. *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (holding that the "District Court was without jurisdiction" when the petitioner failed to obtain authorization from the court of appeals to bring a successive petition and instructing that the case be remanded and dismissed for the lack of jurisdiction). A

stay is not sustainable where jurisdiction is lacking. When the court lacks jurisdiction, it cannot stay the proceeding, but instead must dismiss it. *See Gregory v. Mitchell*, 634 F.2d 199, 204 n.2 (5th Cir. 1981) (noting that the court cannot retain jurisdiction when it does not have jurisdiction and therefore cannot stay the action). Accordingly, Mr. Knotts's objection lacks merit; however, the court echoes the determination of the Eleventh Circuit that dismissal of the present petition "does not preclude" Mr. Knotts from seeking leave from the Eleventh Circuit to file a new, successive petition "after the Supreme Court decides *Montgomery*." *In re Knotts*, No. 15-12380-E (11th Cir. June 25, 2015).

Accordingly, it is ORDERED as follows:

1. Petitioner William Knotts's Objection (Doc. # 9) is OVERRULED;

2. the Recommendation (Doc. # 8) is ADOPTED; and

3. Petitioner William Knotts's petition for writ of habeas corpus is DISMISSED under 28 U.S.C. § 2244(b)(3)(A) for Petitioner's failure to obtain the requisite order from the Eleventh Circuit authorizing the consideration of a successive habeas petition.

A final judgment will be entered separately.

DONE this 14th day of October, 2015.

                                        /s/ W. Keith Watkins
                              CHIEF UNITED STATES DISTRICT JUDGE